THOMAS *against* STEVENS and MAXWELL, Executors, &c.

Though the name of a legatee is entirely mistaken by the testator, as
*Comelia Thompson,* for *Caroline Thomas,* yet the bequest is good;
and the intention of the testator, and the misnomer, being satisfacto-
rily shown, the legacy was ordered to be paid to the person intended.

BEQUEST by will of a bank share to *Cornelia Thomp-*
*son.* The plaintiff claimed the bequest, on the ground that
her name, which was *Caroline Thomas,* had been mistaken
by the testatrix, or by the person employed to draw her
will, and that the plaintiff was the person intended.

*November 25th.*

The defendants, who were the executors, admitted, by
their answer, the material facts charged in the bill; that
the testatrix had been dead upwards of two years, and that
no person by the name of *Cornelia Thompson* had appear-
ed to claim the legacy, and that they believed and admitted,
that the plaintiff was the person intended; for she was a
great favourite with the testatrix, and it was understood and
believed, that some provision by will was to be made for
her. That a great friendship had existed between the testa-
trix and the mother of the plaintiff, who died some time be-
fore the testatrix.

*Goodenow,* for the plaintiff.

*Maxwell,* for the defendants.

THE CHANCELLOR, upon the facts admitted, being perfect-
ly satisfied of the intention of the will, and of the misno-
mer, on the authority of the cases of *Beaumont* v. *Fell,*
(2 *P. Wms.* 140.) and *Bradwin* v. *Harpur,* (*Amb.* 374.) de-

creed, that the defendants should convey the bank share to the plaintiff.

Decree accordingly.