## EASTMAN *v.* KNIGHT.

A deed, dated *April* 13, 1838, purported to convey certain tracts of land in H., described in a deed from F. to the grantor, *of even date herewith*, reference to said deed being made for a description of said premises. F. had made to the grantor only one deed, which was dated *April* 5, 1838.—*Held*, the words, *of even date herewith*, must be rejected, as an error in the description of the deed referred to ; but, there being no doubt as to the deed, or the land intended, the title passed.

An attachment of all N.'s interest in certain premises is effectual to hold an equity of redemption.

THIS is a writ of entry, to recover certain real estate in Haverhill. It was agreed that on the 5th of April, 1838, C. S. Frary was the owner of said land, subject to a mortgage to S. Page. On that day an agreement was made between Frary and Page, and one Joseph Niles, that Frary should convey, and said Page release, the premises to Niles, and that Niles, to secure a part of the purchase money, amounting to $445, should mortgage the premises to Frary, and Frary should assign the mortgage and notes to Page. Frary made out a deed to Niles, dated *April* 5, 1838, and notes for $445, of the same date, from Niles to Frary, but neither of them were signed or delivered at that time. On the 13*th of April* the other writings were completed, namely : a mortgage from Frary to Niles, and an assignment of it to Page, and a release from Page to Niles, all dated *April* 13*th*, 1838, and the deed and release to Niles, the notes and mortgage of Niles to Frary, and the assignment of them to Page, were then signed and delivered, and recorded on four successive pages of the records, but the dates of the deed of Frary to Niles, and of Niles' notes to Frary, were not altered.

The whole description of the premises, in the mortgage of Niles to Frary, is as follows : " Certain tracts of land in said Haverhill, viz : all the same tracts and parcels described in a deed from C. S. Frary to me, *of even date herewith*, reference to said deed for a description of said premises, and the notes were described in the condition of the mortgage as dated *April* 5*th*, 1838.

On the 21st of November, 1840, all Niles' interest in these

premises was attached on a writ in favor of J. L. Rix against Niles, on which a judgment was rendered and execution issued, and on the 11th of April, 1842, Niles' right in equity to redeem was duly sold to Rix, and a deed of it duly executed and recorded. On the 12th of May following, Rix conveyed his interest to J. S. Bryant, and Niles released to Bryant his right to redeem the premises, on the 2d of February, 1843, and gave up to him the possession. On the 22d of May, 1843, Page assigned to Bryant his notes and mortgage, and the tenant has Bryant's title.

On the 6th of December, 1841, Niles conveyed the premises in mortgage to E. Niles, J. Tuttle, and J. Eastman, the plaintiff, by the following description : " All the land deeded to me by C. S. Frary, by his deed dated April 5th, 1838, as recorded in Grafton records, lib. 149, folio 95, reference to said deed being had for a more particular description of the premises hereby conveyed," to secure payment of $400, which has not been paid.

During the year 1843 said J. Niles, E. Niles and J. Tuttle, each took advantage of the Bankrupt Act, and obtained a certificate, but the assignees of said E. Niles and Tuttle never did any thing with said note or mortgage.

In October, 1855, before this suit was commenced, E. Niles and Tuttle duly assigned all their interest in said note and mortgage to the plaintiff.

*Felton*, for the plaintiff.

1. The mortgage deed from J. Niles to Frary does not convey the demanded premises. Said premises are not described in it. It is not a case of a true description, sufficient to ascertain the land with further matters added, which may be rejected, as not agreeing with the general intent. The whole matter of the description is a unit, indivisible, and, if intended to be applied to the demanded premises, wholly false. *Weeks* v. *Eastman*, 15 N. H. 146 ; *Worthington* v. *Hilyer*, 4 Mass. 196 ; *Doddington's Case*, 2 Rep. 32 ; 4 Greenl. Cruise, tit. 32, ch. 21, secs. 59, 61 ; *Bell* v. *Morse*, 6 N. H. 209.

2. If there was a mistake in the reference for a description to Frary's deed to J. Niles, the mistake cannot be rectified in a court of law. In law it makes no difference whether the plaintiff and his co-mortgagees, or any of them, knew of the existence of the mortgage, Niles to Frary, or not; or whether they did or did not know that it was the intention to convey the demanded premises by said mortgage. If the description is fatally defective in itself, it cannot be helped in this action, by any evidence dehors the deed. There is no latent ambiguity to be explained. *Prescott* v. *Hawkins*, 12 N. H. 25; *Enfield* v. *Permit*, 5 N. H. 280; *Bell* v. *Morse*, 6 N. H. 205. We deny, however, that the plaintiff, Tuttle, or E. Niles, had any knowledge of the existence of the mortgage to Frary.

3. The attachment by Rix, and the sale on his execution, does not help the defendant. The attachment was of no specific interest, and could not have put the plaintiff and his co-mortgagees on their guard. The sale was of an equity of redemption, and no such equity existed, if there was no valid mortgage. The land should have been appraised, and set off to Rix on his execution. This seems self-evident.

4. The bankruptcy of Tuttle and E. Niles does not affect the case. Their assignees have not meddled with the property, and are not interfering here. A recovery by the plaintiff in this case will not affect their rights, if they have any, and if it would the defendant is not the party to complain. The plaintiff could have sued alone without any assignment from Tuttle or E. Niles. At least, the non-joinder could only be taken advantage of by plea in abatement. 1 Ch. Pl. 56; *Reeper* v. *Lonsdale*, 12 East 39; *Bush* v. *Bradley*, 4 Day 298; *Sanford* v. *Button*, 4 Day 310. If the bankrupts need not have been joined, so need not their assignees.

*J. S. Bryant*, for the defendant.

1. The mortgage deed from J. Niles to Frary does convey the demanded premises by reference to the deed Frary to Niles. The deeds and mortgage and assignment were all one transac-

tion. Each was part and parcel of one contract. They were all executed and delivered at the same time, and were all in fact of even date as deeds, although one of them bore on its face a false date. No one was or could be misled by that fact, as is shown by the course pursued by Rix, the attaching creditor, and the assignees of the bankrupts. If facts exist which should put a party on inquiry, he is bound to inquire at his peril. *Rogers* v. *Jones*, 8 N. H. 264.

If, in the description of the premises conveyed, there be introduced into the deed a circumstance mistaken and false, it will not frustrate the grant of particulars once ascertained. *Greeley* v. *Steele*, 2 N. H. 284 ; *Emerson* v. *White*, 9 Foster 499.

2. The first mortgage named in this case, Frary to Page, was never discharged, nor was the debt ever paid, until Bryant paid it to Page on the 22d of May, 1843, and that would operate as an assignment of that original mortgage from Page to Bryant. *Heath* v. *West*, 6 Foster 201 ; *Page* v. *Pierce*, 6 Foster 317 ; *Johnson* v. *Elliot*, 6 Foster 73.

The quitclaim deed from Page to Niles passed nothing, as the debt secured by the mortgage of Frary to Page did not pass with it, and it being part of one entire contract, if part fails the whole fails. *Forbush* v. *Goodwin*, 5 Foster 25 ; *Bell* v. *Morse*, 6 N. H. 205.

On either point, therefore, the sale of the right in equity was the proper and legal course, and conveyed the title to Rix.

BELL, J. In the case of *Drew* v. *Drew*, 28 N. H. 489, the principles applicable to this case are discussed. " In construing a description of property granted or devised in a deed or will, the facts of the case are to be first ascertained, that the instrument may be interpreted with reference to the facts which were before the grantor or devisor, because his intention and meaning may thus be most readily and satisfactorily ascertained." " When the description consists of several parts, it may prove, upon comparing the description with the land itself, that some of the particulars are incorrect, mistaken, or false." " If it can be ascer-

tained from such parts of the description as are found correct, what was intended to be conveyed, the property will pass, and the incorrect parts of the description will be merely rejected and disregarded." See authorities there cited.

The same rule is laid down in *Emerson* v. *White*, 29 N. H. 499, in the language of C. J. *Parsons*, in *Worthington* v. *Hilyear*, 4 Mass. 196, adopted by the court here in *Lyman* v. *Loomis*, 5 N. H. 408. " If the description is sufficient to ascertain the estate intended to be conveyed, although the estate will not answer to some of the particulars of the description, yet it shall pass by it."

It is well expressed by *Sutherland, J.*, in *Jackson* v. *Moore*, 6 Cowen 717:

" In construing deeds, effect is to be given to every part of the description, if practicable ; but if the thing intended to be granted appears clearly and satisfactorily from any part of the description, and other circumstances of description are mentioned which are not applicable to that thing, the grant will not be defeated, but those circumstances will be rejected as false or mistaken."

The principles thus stated are equally applicable to any person or thing erroneously described in a deed or will. A large class of cases are of such mistaken descriptions of persons. *Nil facit error nominis cum de persona constat.* Shep. Touch. 233, &c. ; as to deeds, 2 Wms. Exors. 987 ; 1 Jarm.; Pow. on Dev. 337 ; Com. Dig., Devise, I; *Parsons* v. *Parsons*, 1 Ves., Jr., 266 ; *Adams* v. *Jones*, 9 Eng. L. and E. 269 ; *Bernasconi* v. *Atkinson*, 17 Eng. L. and E. 103 ; *Thomas* v. *Stevens*, 4 Johns. Ch. 607 ; *Smith* v. *Smith*, 4 Paige Ch. 271 ; *Button* v. *Am. Tract Soc.*, 23 Vt. 336 ; *Trustees, &c.*, v. *Peaslee*, 15 N. H., 317.

The case of *Vose* v. *Bradstreet*, 14 Shep. 156, applies the same principle to an error in the description of a deed referred to for a description of land. Two grantors conveyed certain lands, described as land situate in A., conveyed to us by G., by deed dated May 25, 1836, recorded book 92, page 51. The deed found at page 51, of volume 92, was dated in 1835, and

was made to one of the grantors. The land intended was held to be well ascertained by reference to the record, and the deed was not affected by the error as to the date of the deed referred to, nor by the mistake as to the grantee.

In the present case there was but one deed to which the reference could relate, and there can be no doubt as to the land intended. The deed consequently is not affected by the mistake of the date, which is merely to be rejected as an error of description.

A question seems designed to be raised relative to the attachment, but we think the attachment of all Niles' interest was entirely effectual to hold his equity of redemption, and the sale of the equity on the execution was valid to convey that interest. The mortgage to the present plaintiffs, E. Niles and Tuttle, was subject to that attachment, and after this lapse of time any rights acquired under it have long since been lost.

*Judgment for the defendant.*