NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
April, 1877.

## MATTER OF CAHN.

*In the matter of the probate of the last will and testament of* GOULDA CAHN, *deceased.*

Parol evidence is admissible to show that by the term "my daughter Elizabeth" used in a will,—where the testator had no such daughter,— the testator intended to describe one whom he had adopted as his daughter, although he had not formally adopted her in accordance with the provisions of the statute (L. 1873, ch. 830).

THIS was a proceeding for the probate of the last will and testament of Goulda Cahn, deceased.

The will and codicil were shown to have been executed in substantial compliance with the statute.

M. S. ISAACS, *for proponent.*

P. J. JOACHIMSEN, *for contestant.*

THE SURROGATE.—The only question arising is as to the codicil, which revoked all the bequests made in the will to Deborah De Young, her husband and children,

and the amount that was given to them was, by the codicil, given and bequeathed to the children of her daughter Elizabeth, the fact being that the said Elizabeth was the so-called adopted daughter, and the point is taken by the contestant's counsel that she was not formally adopted according to the provisions of our statute, and that, therefore, the codicil was void.

In *Roper on Legacies* numerous cases are cited, of cases of misnomer, showing that a mistake in the name is not material if the will show who was intended by the description, and also (at page 166, &c.,) numerous instances are given where parol evidence is admitted to remove ambiguity.

As a general rule, a devise to children, without any other designation, means legitimate descendants, if the testator has such children, and parol evidence cannot be received to show that a different class of persons is intended, but in this case, as in all others, it is proper to look into circumstances, *de hors* the will, to see whether there are any persons answering the description of the legatees in the legal sense of the term, and if it appears that there are no such persons, it is then allowable to prove the situation of the testator's family, to enable the court to ascertain who were intended by the testator as the objects of his bounty (Gardner *v.* Heyer, (2 *Paige*, 11).

In Thomas *v.* Stevens (4 *Johns. Ch.*, 607,) the legatee was named as Cornelia Thompson, whose real name was Caroline Thomas, and it appearing that the latter was intended by the testator, she was decreed to be entitled under the will. In the case under consideration it appears in evidence that Mrs. Elizabeth

Adler, the adopted daughter of the deceased, was the person mentioned in the will as "my daughter Elizabeth." There is abundant proof before me that Mrs. Elizabeth Adler is the person intended, and I think that her children are sufficiently described and designated in the codicil, and I am of the opinion that the fact of adoption, in its legal mode, does not affect the validity of the codicil in question.

In Hart *v.* Marks (4 *Bradf.*, 161,) it appeared that there was no person to answer the name of an annuitant described in the testator's will as his cousin Paris Pickard, but parol evidence was given that his cousin Priscilla Pickard was usually named by him as described in the will, and it was held competent by parol evidence to point out the person who answered the description of the legatee, and that the person intended may be ascertained by means of extrinsic evidence.

In the absence of any suggestion that the deceased had a daughter Elizabeth, who would answer the description in the codicil, and it appearing that the person mentioned had been treated as an adopted daughter, there is no doubt of the sufficiency of the description. The will and codicil should therefore be admitted to probate.

Decree entered accordingly.